UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **HEATHER LEONE,** <br><br> **Plaintiff,** <br> **v.** <br><br> **RECEIVABLES PERFORMANCE MANAGEMENT LLC** <br>  **Defendant.** <br><br> REX C. ANDERSON (P47068) <br> Rex Anderson, PC <br> Attorney for Plaintiff <br> 9459 Lapeer Road, Suite 101 <br> Davison, MI 48423 <br> (810) 653-3300 <br> mied@rexandersonpc.com | Case No. <br><br><br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

This action involves the illegal placement of calls by RECEIVABLES PERFORMANCE MANAGEMENT LLC by use of an Automatic Telephone Dialing System (ATDS) and / or using artificial or prerecorded messages.

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. §227, Congressional Statement of Findings #5. In 2003, the Federal Communications Commission issued rules clarifying the prohibition on automated and prerecorded calls to cell phones.

The FCC reaffirmed those rules in its January 4, 2008 Declaratory Ruling stating: "Specifically, the Commission affirmed that it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number." The Commission went on to note that Congress found that automated or prerecorded telephone calls were a "greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient." See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999, F.C.C. 07-232, 23 F.C.C.R. 559 (Dec. 28, 2007; released Jan. 4, 2008).

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 *et seq*; or alternative to the MOC, for violations under the Michigan Collection Practice Act, ("MCPA") MCL 445.251 et seq,, and 28 U.S.C. §§1331, 1337. This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

## PARTIES

2. Plaintiff, HEATHER LEONE, hereinafter "LEONE" is a natural person who resides in the County of Oakland, State of Michigan and is also protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt as referenced by 15 U.S.C. § 1692d.

3. Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, hereinafter ("RECEIVABLES"), is, based upon information and belief, a Foreign Limited Liability

2

company and a debt collection agency operating from an address of 20816 44th Ave W. Lynnwood, WA 98036, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## VENUE

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**BACKGROUND CONCERNING RECEIVABLES PERFORMANCE MANAGEMENT**

5. RECEIVABLES is a debt collector within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

6. RECEIVABLES' principal business operation in the collection of debts is the placing of large numbers of calls in order to locate and persuade debtors to repay defaulted debts.

7. This practice involves the placing of millions of calls every year, and RECEIVABLES relies heavily on technology including automated dialing systems, prerecorded messages and artificial voices to place these calls.

8. The regulation of calls using this regulated technology is a fact well known within the debt collection industry, and to Defendant RECEIVABLES.

9. These technologies are highly regulated by the TCPA, and that statute generally prohibits their use when calls are directed to cellular phones.

10. In spite of the regulation on the use of these technologies, RECEIVABLES knowingly uses auto dialers, prerecorded messages, and artificial voice messages when contacting third parties who have not consented to calls.

**PLAINTIFF'S STATUS AS A CELL PHONE SUBSCRIBER**

11. HEATHER LEONE is a subscriber to a cell phone she purchased through TMOBILE.

12. The service for the cellular phone is via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

13. LEONE maintains the cell phone and pays the bill on the account.

14. LEONE uses the cell phone to maintain personal contacts with family, friends, for emergency contact as well as for her work.

15. LEONE is a subscriber for purpose of the TCPA.

## COUNT I – TCPA VIOLATIONS

16. LEONE's TCPA claims arise under the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy.

17. It is a violation of the TCPA to call a person's cellular telephone using an automatic telephone dialing system and / or leaving prerecorded or artificial voice messages. 47 U.S.C. § 227(b)(1)(A), to persons who have not consented to be contacted via these means.

18. Based upon information, belief and knowledge, while Plaintiff, LEONE was assisting Joseph Jordan in a RECEIVABLES collection matter discovered in Joseph Jordan's Credit Report, RECEIVABLES captured LEONE's cell phone number.

19. In March and April of 2013, the Defendant, RECEIVABLES, by and through its employee collectors, commenced robo-dialing Plaintiff's cell phone.

20. During this time, RECEIVABLES called Plaintiff numerous times looking for Joseph Jordan, despite LEONE's requests that they stop calling her.

21. Based upon information and belief, RECEIVABLES, made numerous automated calls to the Plaintiff, LEONE's cell phone, 248-238-30**, in violation of the TCPA's prohibitions on automated calls to cell phones. 47 U.S.C. 227(b).

22. Based upon information and belief, RECEIVABLES, made numerous calls that were abandoned to the Plaintiff, LEONE's cell phone, 248-238-30**, in violation of the TCPA's prohibitions on automated calls to cell phones. 47 U.S.C. 227(b).

23. Defendant, RECEIVABLES, used an Automated Telephone Dialing System to call Plaintiff LEONE and / or left artificial or pre-recorded voice messages.

## COUNT II – FDCPA VIOLATIONS

24. LEONE, is a stranger to the debt and does not owe the debt which Defendant's sought to collect, and therefore Plaintiff is not a "consumer" under the Act, but is nevertheless a protected person under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt as referenced by 15 U.S.C. § 1692d, as defined by this statute as "any person."

25. Defendant violated Plaintiff's rights under the FDCPA in the following:

   a. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person; and

   b. § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly.

## COUNT III – MICHIGAN OCCUPATION CODE VIOLATIONS

26. Plaintiff incorporates all of the above paragraphs by reference and states that

5

Defendant is a "collection agency" as that term is defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a consumer as defined by the MOC and a person whom the act was intended to protect. M.C.L. § 339.901(f).

28. Defendant has violated the following provisions of the MOC: M.C.L. § 339.915(n) by engaging in repeated calls to plaintiff after being requested to stop calling.

29. The natural consequence of such repeated calling to persons who do not wish to be bothered is to harass the target of those calls.

30. Defendant's continued calls to Plaintiff after requests to stop establishes that Defendant failed to implement a procedure designed to prevent a violation by its employees; in violation of M.C.L. § 339.915(q).

31. Defendant's foregoing acts in attempting to contact plaintiff constitute violations of the Michigan Occupation Code.

32. Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

33. These violations of the Michigan Occupation Code were willful.

**COUNT IV – MICHIGAN REGULATION OF COLLECTION PRACTICE ACT VIOLATIONS (Alternative to Count III)**

34. Plaintiff incorporates the preceding allegations by reference.

35. Defendant and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Collections Practices Act ("MCPA") MCL 445.251, et seq.

36. Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

37. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Collections Practices Act.

38. Plaintiff has suffered damages as a result of these willful violations of the Michigan Collections Practices Act.

39. Defendant's violations of the Michigan Collections Practices Act were willful.

## DEMAND FOR JURY TRIAL

LEONE demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly LEONE requests that the Court:

   a. Grant statutory damages.

   b. Injunctive Relief barring further violations.

   c. Treble damages.

   d. Attorney fees.

   e. Any other relief this Court deems is just and equitable.

Dated: December 19, 2013

        Respectfully Submitted,

        By: */s/ Rex C. Anderson*
        REX ANDERSON PC
        Rex C. Anderson, Esq. (P47068)
        9459 Lapeer Road
        Davison, MI 48423
        (810)653-3300
        mied@rexandersonpc.com